IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTOINE BRUCE,**

        **Plaintiff,**

    **v.**                                    CASE NO. 14-3026-SAC

**DONALD DENNEY, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This pro se civil action was filed by a federal prisoner housed at the United States Penitentiary, Administrative Maximum Prison, Florence, Colorado ("ADX"). Having examined the materials filed, the court finds that the filing fee prerequisites have not been satisfied and the complaint is deficient in several ways. Mr. Bruce is given time to cure these deficiencies. If he fails to comply within the prescribed time this action may be dismissed without further notice.

### FILING FEE

The fees for filing a civil action in federal court[1] total $400.00 and consist of the statutory fee of $350.00 under 28 U.S.C.

---

[1] The Tenth Circuit has held "that petitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915" where habeas matters are not the underlying concern. *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir.

§ 1914(a) plus an administrative fee of $50.00; or for one that is granted leave to proceed in forma pauperis the fee is $350.00. Mr. Bruce has neither paid the fee nor submitted a Motion to Proceed without Prepayment of Fees.[2] This action may not proceed until the filing fee is satisfied in one of these two ways. Plaintiff is given time to satisfy the filing fee. He is forewarned that if he fails to satisfy the fee as ordered within the prescribed time, this action may be dismissed without prejudice and without further notice.

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[3]

---

1996); *cf. York v. Terrell*, 344 Fed.Appx. 460, 462 (10th Cir. 2009)(unpublished); *see In re Grant*, 635 F.3d 1227, 1230-32 (D.C.Cir. 2011)(prisoners must pay the entire fee in mandamus actions under the Prisoner Litigation Reform Act).

2   28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to send Mr. Bruce forms for filing a proper motion under 28 U.S.C. § 1915(a).

3   Pursuant to § 1915(b)(2), the Finance Office of the facility where Mr. Bruce is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in his institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

**ALLEGATIONS AND CLAIMS**

Plaintiff asserts that his rights under the Eighth Amendment's cruel and unusual punishment clause and the Fifth Amendment's due process clause are being violated along with his rights under the Americans with Disabilities Act (ADA). As factual support, plaintiff alleges as follows. He is mentally ill and has been diagnosed with schizophrenia, depression with psychotic features, and bi-polar disorder. He has a long history of suicide attempts. His mental health is deteriorating, and he has requested two psychotherapy sessions each week instead of per month. He has trouble focusing, concentrating and understanding "in the realm of education" and would like to obtain a GED. He has been assisted on a civil action by another prisoner at the ADX but is being denied communication with him and is not assisted by staff. Plaintiff claims that (1) he is being denied adequate care for his mental illness, (2) he is being discriminated against in that his special educational needs are not being met, (3) he is being denied access to his "jail house lawyer," and (4) he has been denied a staff representative of his choice in disciplinary proceedings.

Plaintiff seeks injunctive relief in the form of orders requiring: that he be provided additional therapy sessions and full-time one-on-one educational tutoring, that he be allowed to communicate with his jail-house lawyer, that all his grievances on

3

staff misconduct be investigated and referred to the Inspector General for action, that the law library computers be repaired, and that the Warden's practice of choosing plaintiff's staff representative be terminated.

**SCREENING**

Because Mr. Bruce is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal

4

theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**MANDAMUS STANDARDS**

The mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district court shall have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "mandamus is an extraordinary remedy that is granted only in the exercise of sound discretion." *Miller v. French*, 530 U.S. 327, 339 (2000); *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)(per curiam)("the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."); *West v. Spellings*, 480 F.Supp.2d 213, 217 (D.D.C. 2007). To obtain mandamus relief, the plaintiff must show that he has a clear right to the relief sought, the defendant has a plainly defined and peremptory duty to perform the act in question, and no other adequate remedy is available. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)(For mandamus to issue, "[p]etitioner must show that his right to the writ is 'clear and indisputable.'"); see *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361 . . . is intended to provide a remedy for a plaintiff only

if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005); *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988); *West*, 480 F.Supp.2d at 217. "A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is 'clear and indisputable.'" *Id.* (*citing In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)). Courts have no authority under the mandamus statute to order a government official to perform a discretionary duty. *West*, 480 F.Supp.2d at 217. When a decision is committed to the discretion of an agency official, a litigant generally will not have a clear and indisputable right to any particular result. *See Daiflon*, 449 U.S. at 36; *Armstrong v. Cornish*, 102 Fed.Appx. 118, 120 (10th Cir.)(unpublished), *cert. denied*, 543 U.S. 960 (2004).

**DISCUSSION**

Having examined all materials filed, the court finds that this action is subject to being dismissed as frivolous and for failure to state a claim. *Gabriel v. U.S. Parole Com'n*, 319 Fed.Appx. 742 (10th Cir. 2009)(unpublished)[4] (affirming dismissal of mandamus petition as frivolous under § 1915(e)(2)(B)); *Fay v. U.S.*, 389

---

[4] Unpublished opinions are cited herein for persuasive value only and not as binding precedent. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

Fed.Appx. 802, 803-04 (10th Cir. 2010)(unpublished)(Action before district court and this appeal found to be frivolous and to count as strikes where appellant failed to demonstrate that he was entitled to the "extraordinary remedy" of a writ of mandamus.). Mr. Bruce asserts that this court has jurisdiction pursuant to "28-USC-1585 Court of International Trade" and "the Declaration of Independence of 1776." These assertions of jurisdiction are found to be frivolous as they are not supported with any discussion as to how they might confer jurisdiction. Plaintiff's only other assertion for this court's jurisdiction is under 28 U.S.C. § 1361 to compel "an officer of the United States to perform his duties."

Plaintiff fails to allege facts establishing any of the requisite elements for mandamus relief. He has not satisfied his heavy burden of showing that he has a clear right to the injunctive relief he seeks. Plaintiff complains of acts or inactions that occurred at the ADX. He then asks the court to order various Bureau of Prisons (BOP) officials with offices outside Colorado to, in turn, order that certain ADX officials take specific actions, but does set forth facts establishing a peremptory duty on the part of any defendant to order that he be provided with the requested relief.

Furthermore, plaintiff does not even attempt to show that no other adequate remedy is available. Nor could he make such a showing, given that BOP regulations plainly make that agency's

7

long-established prison administrative remedies available to federal inmates.[5] Plaintiff suggests no reason why he cannot adequately challenge any decisions of ADX prison officials by way of the established administrative remedies, such as appeals provided in disciplinary matters. In addition, there are other more appropriate judicial remedies for plaintiff's claim of a violation of agency regulations or denial of due process in connection with disciplinary proceedings as well as any claim regarding conditions of his confinement at the ADX. To the extent that plaintiff seeks to challenge prison disciplinary proceedings or sanctions at the ADX, he is entitled to no relief under § 1651 or in this court.[6] In *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), the U.S. Supreme Court held that a habeas corpus petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement; and the Court later extended this ruling to challenges to prison disciplinary proceedings that affect the length of confinement, such

---

5   The BOP administrative procedures to be utilized by federal inmates are set forth at 28 C.F.R. §§ 542.10-542.19. Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

6   With respect to plaintiff's claim that BOP regulations were violated when he was denied a staff representative of his choice, the reasoning in *Brown v. Rios*, 196 Fed.Appx. 681, 683 (10th Cir. 2006) is instructive.

> Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. (Citations omitted).

as those that result in the deprivation or loss of good conduct time. *Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997). Habeas corpus petitions must be filed in the district of incarceration. Likewise, to the extent that Mr. Bruce seeks to challenge conditions at the ADX, he may do so by filing a civil action in the appropriate jurisdiction against the persons responsible for those conditions,[7] which appear to be the BOP employees at the ADX in Colorado.

Finally, the court notes that the common law writ of mandamus as codified in § 1361 only provides a remedy "if [the plaintiff] has exhausted all other avenues of relief." *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976). Mr. Bruce alleges no facts

---

7   Even if plaintiff's conditions claims were considered under 28 U.S.C. § 1331, the essential element of personal participation in the alleged constitutional violations is not shown as to those defendants over whom this court might have jurisdiction; and this court has no personal jurisdiction over those defendants who may have actually participated. Moreover, liability for constitutional violations cannot rest upon a theory of respondeat superior or a defendant's supervisory position. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Georgacarakos v. Nalley*, 356 Fed.Appx. 210, 212 (10th Cir. 2009)(unpublished) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Generally, prison officials are only responsible for their own constitutional violations, not those of others. Plaintiff names as defendants various officials at the ADX: David Berkebile, Warden; Jennifer Coulter, Staff Psychologist; K. Foster, Education Specialist; Kaitlin Turner, Attorney Advisor; and Patricia Rangel, General Population Unit Manager. He also names BOP officials who are not located at the ADX: Paul Laird, Regional Director; Donald Denney, Regional Psychology Services Administrator; and Lewis Morris, Regional Psychology Treatment Program Coordinator. The regional BOP officials Paul Laird, Donald Denney, and Lewis Morris, appear to be named based solely upon their supervisory responsibility over BOP facilities in the region that includes the ADX. Mr. Bruce alleges no facts whatsoever showing the personal participation of these three regional officials in decisions regarding the appropriate treatment or programs for him or other conditions of his confinement at the ADX. *See Hill v. Pugh*, 75 Fed.Appx. 715, 719 (10th Cir. 2003)(unpublished).

showing that he has fully and properly exhausted the available prison administrative remedies on all his claims.

In summary, the only action plaintiff could conceivably bring in this judicial district, since the ADX and its BOP employees are not located here, is the mandamus petition against Laird, Denney, and Morris; and this court has no difficulty finding that petitioner's claim for mandamus relief against these three BOP regional officials is frivolous and fails to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee prerequisite by either paying the full fee or submitting a properly supported Motion to Proceed without Prepayment of Fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for failure to state a claim for mandamus relief and as frivolous for the reasons stated herein.

The clerk is directed to send IFP forms to Mr. Bruce.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge